BLANCHARD v. GREATER JEFFERSON REALTY CO.

(March 18, 1929. Opinion and Decree.)

P. R. Livaudais and William Boizelle, of New Orleans, attorneys for plaintiff, appellee.

Julius H. Wiener and Sidney G. Roos, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. On May 5, 1927, plaintiff signed a document reading as follows:

FRANK JORDANO
Exclusive Sales Agent
Greater Jefferson Sub-Division
AGREEMENT:
New Orleans, La., May 5th, 1927.
I have this day purchased from Frank Jordano, Agent, Lots 43 & 44, Block "A." For the sum of Eight Hundred eight and No/100 Dollars and have paid on account of said purchase this day the sum of one hundred ten and No/100 Dollars being 12½% of the purchase price; balance of Seven hundred ten & No/100 Dollars I agree to pay in monthly installments of $18.00 Dollars per month. $110.00 due June 5/27.
I have this day received a receipt from FRANK JORDANO, Exclusive Sales Agent, for payment made by me of $_____.
(Sd.) J. C. Blanchard, Purchaser
Arabi, La. Address
Witness:
(Sd.) M. R. Tucker.

It is not disputed that it was agreed that when Blanchard made the payment of $110.00, which was due on June 5, 1927, he was to be given a bond for deed. He made the said payment, but did not receive his bond for deed.

There is printed at the bottom of the document, dated May 5, 1927, to which we have referred, a provision reading as follows:

"This contract is not valid until accepted by the Greater Jefferson Realty Co. Inc."

Plaintiff was never advised that the said company had accepted the offer made by him, nor was he ever given a copy of the document showing such acceptance. The document of May 5, 1927, then, was no more than an offer made by plaintiff from which he could withdraw at any time before its acceptance. Defendant offered no proof to show that the offer of plaintiff was accepted prior to withdrawal by plaintiff.

C. C. 1800 provides:

"The contract consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract."

As the Supreme Court said in Miller vs. Douville and Gallagher, 45 La. Ann. 214, 12 So. 132:

"The article of the Civil Code on the subject conveys but one meaning—if the promisor before consent changes his intention, the concurrence of the two wills is wanting, and there is no contract." Art. 1800.
"We construe these authorities in their application to a written offer to sell real estate in which no term is stated."
"No other question on the point now under discussion arises for our decision, such as the right vel non to withdraw the offer when time has been given or after its acceptance."
"As to the offer without term, until there is acceptance 'the negotiations of the parties amount to nothing more than proposals and counter-proposals.' 111 Am. and Eng. Encyc. p. 852."

Plaintiff's many attempts to secure a bond for deed show that he was justified, if any justification were necessary, in desiring to withdraw his offer. In fact, no bond for deed was tendered him until after he had, in writing, notified Jordano, agent for defendant, that he wanted his deposit returned.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed at the cost of appellant.