JANVIER, Judge.
This suit results from a disagreement over the amount of the estimate for which the plaintiff, I. J. Harrelson, did certain work on a double residence building owned by the defendant, Ben Raphael.
In March, 1957, Raphael obtained from Harrelson, a contractor, an estimate of the cost of installing sheetrock on the interior of the building and painting the ceilings and walls of the interior and painting the exterior. Harrelson prepared the estimate in duplicate in pencil on sheets of yellow tablet paper and gave one to Raphael, keeping the other for himself. At the request of Raphael he made a separate estimate for each of the three items of work which it was proposed that he *302 do, and he then added up the three amounts and at the bottom of the sheet set forth a figure of $2,426.43, which was supposed to be the total of the three separate items. The first estimate was for the installation of the sheetrock and the estimated cost of this item was set forth as $1,721.43. The second item was for the painting of the interior ceiling and walls, and it is over the amount of this estimate that the dispute has arisen. The third item was for the painting of the exterior of the building and this estimate was $790.
It will at once be noticed that the total of two items, the one for the installation of the sheetrock and the other for the painting of the exterior, totaled $2,511.43, which is more than the total ($2,426.43) set forth at the bottom of the estimate for all three items and yet it does not include anything for the other item of painting the ceilings and walls of the interior.
The defendant-owner paid to the plaintiff-contractor $2,511.43, being the total of items one and three, and in making this payment he gave to the contractor one check for $1,721.43 and another check for $790. The plaintiff-contractor then called upon the defendant-owner for an additional amount to cover the cost of painting the ceilings and walls of the interior and the defendant refused to make any further payment, contending that he had already paid more than was contemplated when the plaintiff agreed to do the work and more than was shown as the total amount for all of the estimates. Plaintiff then brought this suit claiming an additional $915 which he says was the agreed cost of painting the ceilings and walls of the interior and the defendant denied liability for an additional amount.
The Judge a quo found apparently that there had been no meeting of the minds when the agreement was entered into and reached the conclusion that a fair amount for the painting of the interior would be $400 and rendered judgment in favor of plaintiff for that amount.
Harrelson, the plaintiff, appealed contending that he should have been awarded, judgment for $915 and defendant, Raphael, answered the appeal, praying that judgment against him be reversed and that the suit be dismissed and praying, in the alternative, that the judgment be affirmed without any increase in favor of plaintiff.
The record evidences certain peculiar facts which prevent our acceptance with complete confidence some of the statements of each of the parties. There is no doubt that the parties discussed the cost of the contemplated work and that plaintiff agreed to make and did make in duplicate his estimate of the cost of each of the three items, and there is no doubt that he gave to the defendant Raphael one of these duplicate copies and retained one for himself. There is also no doubt that opposite the second item which contemplated the cost-''of painting the interior he did put some figure. Surely he did not intend to do work without a charge therefor. Defendant admits this and says that the figure» placed opposite this item was $71.30.
Also there is no doubt that, if the defendant had not himself totaled the three items when a copy of the estimate was handed him by the plaintiff, he might have been justified in accepting the total which the plaintiff had set forth as the total cost for all of the work. Had the defendant not himself totaled the three items, we feel that we would encounter difficulty in holding him liable for more than the total set forth on the document which was prepared by the plaintiff. However, we feel certain that when this document was handed him he noticed that the plaintiff had made an error in addition and had not included in the total an amount representing the cost of. the second item, and we feel that having found this error he failed to call it to the attention of plaintiff. We say this because, when later it became necessary for the defendant to produce his copy of the estimate and to show what the cost of the second item was, he did *303 produce the document but by a marvelous coincidence the edge of the document which he had was torn off just where that figure should have been, so that his document as presented to the Court and as now contained in the record shows no figure at that place and shows that right there just a small part of the edge of the paper had been torn. The defendant’s explanation is that the torn part of that little part of the edge resulted from the fact that he had at all times kept the document folded in his wallet and that as a result of wear and tear that one little piece had been torn off.
We have as evidnece of this only his own rather remarkable story and the further fact that he says that the figure which was actually on the torn portion was $71.30 and not $915 as contended by plaintiff.
In addition to having no corroboration of his contention that this figure was $71.30, we have two reasons for doubting defendant’s statement — one is that if the figure was $71.30 and that should be added to the two admittedly correct figures, there would result a total of $2,582.73 which is more than he admits that he owed to the plaintiff. The second of our reasons for finding it difficult to accept as true the contention of defendant that the cost of the second item was $71.30 is that it does not require proof to show that there would be no possibility of having the interior ceilings and walls of any double house painted for anything resembling so small a charge as $71.30. In fact, there is in the record evidence to the effect that a bid of $400 to do this work would not be unreasonable. On the other hand, we find nothing but the statement of the plaintiff himself that the figure which was written after that second item was $915. Strangely enough he was unable to produce the original of the duplicate document which he himself retained when he prepared the original estimate. He says that he lost it and that the copy which he offered in evidence was one which he made later after borrowing from the defendant the copy which he had and from which the figure opposite the second item had been torn. He says that when he prepared this copy of the defendant’s document he placed the figure $915 opposite the second item knowing that it had been there originally and had been torn off.
We have had considerable difficulty in reaching a conclusion. The defendant shows that he obtained other bids for doing this work ranging from $2,495 to $2,592. Therefore, it would be inequitable to require him to pay almost $1,000 more than the amount for which he could have had the work done by other contractors. On the other hand, it seems perfectly clear that the plaintiff had no idea that he would do that particular work without any charge or for so ridiculously small a charge as $71.30.
Since we feel that the plaintiff made an error in addition and feel also that the defendant realized this error and sought to take advantage of it, we think that the minds of the parties did not meet and that consequently no contract resulted.
In such situation the parties should be governed by the rule which applies where work is done on a quantum meruit basis and that the plaintiff should be permitted a fair amount for this particular part of the work. In allowing recovery of $400 the Judge a quo relied on the testimony of another contractor who said that that would be a fair charge for such work. Although there is in the record evidence to the effect that still another contractor estimated $300 as a fair charge for such work, the Judge a quo accepted the figure of $400. The District Judge was not manifestly in error and we shall make no change in that figure.
The judgment appealed from is affirmed; defendant-appellee to pay the costs in the City Court; plaintiff-appellant to pay costs of appeal.
Affirmed.