176 So.2d 188 (1965)
WAGENVOORD BROADCASTING COMPANY, Inc.
v.
CANAL AUTOMATIC TRANSMISSION SERVICE, INC.
No. 1892.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1965.
*189 Steven R. Plotkin and James J. Gleason, III, New Orleans, for defendant-appellee.
Edward F. Wegmann and Fred P. Westenberger, New Orleans, for plaintiff-appellant.
Before SAMUEL, CHASEZ and HALL, JJ.
CHASEZ, Judge.
On the 5th day of May, 1964, a representative of Wagenvoord Broadcasting Co., Inc., contacted the defendant, Canal Automatic Transmission Service, Inc., and discussed with its Mr. Canfield the sale of radio advertising time on Radio Station WWOM. This discussion ended in the defendant signing an authorization order for radio advertising on Station WWOM 5 days per week (Monday-Friday), for a total of 75 periods, commencing May 6, 1964 and expiring August 10, 1964. The following clauses appear in the document signed:
"Oral changes in contract will not be recognized."
"When signed by the advertiser and accepted in writing by Broadcasting Station WWOM, this order shall become an agreement binding upon the respective parties. Additional amount of twenty-five per cent of balance due shall be paid as attorney's fee if attorney is employed for collection. The rates shown hereon are net and are not subject to any discount other than as set forth above."
"This contract entitles client to Las Vegas excursions upon payment of this contract. 15 vacations"
This alleged contract was signed by the defendant and was accepted by the plaintiff. The consideration set forth in the contract for the advertising was $900.00, payable in four monthly payments of $250.00 per month. Several hours after this document was signed by the defendant, but prior to knowledge that its order was accepted by plaintiff, the defendant corporation through, Mr. Canfield, communicated with *190 plaintiff's representative Mr. Sam Zach and advised plaintiff that it was withdrawing and cancelling its offer as it did not desire to go through with the purchase. It was then that plaintiff informed defendant that defendant's offer had been accepted and there was a contract between the parties. Plaintiff insisted that the defendant comply with the agreement and ultimately filed this suit praying for:
1) Specific performance; and alternatively,
2) The sum of $900.00 plus 25% attorney's fees, interest and costs which it alleges is the damage it sustained as a result of defendant's noncompliance.
The court a qua rendered a judgment in favor of the plaintiff the sum of $250.00, with legal interest from the date of judicial demand until paid, plus 25% attorney's fees on principal and interest and for all costs. From this judgment the plaintiff-appellant, Wagenvoord Broadcasting Co., Inc., appeals devolutively.
Defendant-appellee, Canal Automatic Transmission Service, Inc., answered the appeal and prayed primarily that the judgment rendered by the court a qua be reversed and that appellant be condemned to pay the costs of both courts; and alternatively, should said judgment not be reversed, it prayed that the cause be remanded for the admission of further evidence bearing on the damages sustained by the plaintiff.
We believe that the questions posed to us for consideration and determination are:
(1) whether the acceptance of an offer must be communicated to the offeror in order to complete the contract;
(2) during what period of time is an offer irrevocable;
(3) was there actually a contract in existence between the parties as a result of the negotiations above described?
There is no doubt that the representative of the plaintiff did contact the defendant and did secure the signature of the defendant through a proper representative to an offer for radio advertising on Station WW OM. The agent of plaintiff, however, was not in a position to complete the contract for he had no authority to accept the contract for and on behalf of his employer, Station WWOM. The evidence indicates that the general manager of the plaintiff corporation, David Wagenvoord, was the only person who could bind the plaintiff to the contract and this officer of the plaintiff corporation testified that at approximately 1:00 p. m., on May 5, 1964, he completed the contract by placing his signature thereon. Notification of this alleged completion of the contract was not given to the defendant, Canal Automatic Transmission Service, Inc., by the plaintiff and the first knowledge that defendant had that its order for advertising time on Station WW OM was agreed to by plaintiff was when its representative called and informed the plaintiff that he desired to cancel the arrangements it had entered into a few hours earlier.
The view that the acceptance must be communicated to the offeree is expressed by Plainoil in the following succinct manner:
"It is necessary for the formation of a contract that the acceptance made, outside the presence of the offeror be communicated to him. Of what value is it if the acceptance is made and the offeror knows nothing about it? The offer is a question which requires a response; and the response does not exist until it is known to him who asks for it." Plainoil, Traite Elementaire deDroit Civil, Vol. 2, pt. 1, Sec. 984.
Moreover, our Civil Code seems to recognize a receipt theory of acceptance. According to LSA-C.C. 1809 the obligation is not complete until either the acceptance itself or circumstances indicating acceptance *191 "* * * are known to the party proposing; * * *" and LSA-C.C. 1819 defines consent to a contract as "* * * the concurrence of intention * * * reciprocally communicated * * *"
The receipt theory of acceptance also underlies the rationale of Union Sawmill Co. v. Mitchell, 122 La. 900, 48 So. 317, in which defendant made an offer to sell timber to the plaintiffs; the plaintiff then accepted the offer by notarial act but did not communicate the acceptance to the vendor immediately and before notice of this acceptance, the defendant entered into another contract to sell timber to another party. The court held that because the acceptance was not communicated to the offeree before he signified his change of intention, there was no contract.
We find, therefore, that the withdrawal of the offer in this case was effective because the acceptance was not complete until it had been communicated to the offeror.
However, we must further decide whether or not defendant's withdrawal of the offer was ineffective because it was made during a period of time in which the offer was irrevocable. The general rule is that an offer can be revoked any time prior to its acceptance. National Co. v. Navarro, 149 So.2d 648, 649 (La.App.1963); Miller v. Douville, 45 La.Ann. 214, 12 So. 132 (1893); Leaman v. [Putman] Puttman, Orleans Appeals No. 8742. However, Article 1809 makes the following exception:
"* * * he may therefore revoke his offer or proposition before such acceptance, but not without allowing such reasonable time as from the terms of his offer he has given, or from the circumstances of the case he may be supposed to have intended to give to the party, to communicate his determination." (Emphasis added).
However, the jurisprudence indicates that a strong fact situation would be necessary before the courts would imply that an offer is irrevocable for any substantial length of time.
In R. P. Farnsworth & Co. v. Albert, 176 F.2d 198 (5th Cir. 1949), the Fifth Circuit Court of Appeals considered the question of whether or not a subcontractor's bid was irrevocable during the period that the prime contractor used it to bid on a construction job; and the court, while recognizing that Article 1809 could be applicable to such a situation, found the evidence insufficient to establish the existence of a custom or any other fact that would make the bid irrevocable.
In a recent decision of this court, National Co. v. Navarro, supra, the defendant entered into a home improvement agreement which was conditional upon securing of the necessary financing. The home owner withdrew the offer before it was accepted by the home improvement company. The plaintiff-contractor invoked Article 1809, contending that the implication was that the offer would be irrevocable during the time in which negotiations for financing were being carried on. The court however, refused to find any such implication and held the withdrawal effective. See also Loeb v. Johnson, La.App., 142 So.2d 518 (in which a similar offer was held revocable without any consideration of Article 1809).
Under these circumstances, for what period of time was defendant's offer irrevocable?
The view that absent of some express or implied time for the offer's expiration the offeree only has the time that it takes to present the offer to him and to communicate his acceptance to the offeree, is properly set out in the following interpretation of Article 1809 in a comment by Robert A. Pascal in the L.S.U.Law Review:
"I. An offer remains open and irrevocable:
A. For the time expressly or impliedly given for the acceptance; or
*192 B. If no time has been given by the proposer in his offerfor the time reasonably necessary for the acceptance and its communication to the proposer; which is computed by considering:
1. The time required for communication to and from the party to whom the proposition was made:
a. In face to face offers (or offers by telephone or radio), only an instant is required;
b. In proposals to parties at a distance, only the time necessary for the transmission of the proposal and the acceptance by the authorized or usual means of communication is required;" (Emphasis added). 1 La.Rev. 182 at 195.
Moreover, in National Co. v. Navarro, supra, and Union Sawmill Co. v. Mitchell, supra, the courts indicated that the offeree must accept immediately in order to avoid revocation. In the National Company case the court quoted, with approval from Toullier's Commentaries, as follows:
"For example, in consenting to contract with titles by the agency of third parties, who never had the mandate, I am tacitly obliged to wait for the time suitable or sufficient for ratification. I am engaged conditionally. The contract never existed if T does not ratify. If he ratifies, the ratification goes back to the date of contract, the same as the contract accomplishes a retroactive effect to the day on which the engagement has been contracted. * * * This is why the laws say that ratifications has a retroactive effect. * * *
"But in what time should T ratify in order to prevent a revocation? As soon as he would have knowledge of the contract." 6 Toullier, Book 3, Title III, Note 30.
Similarly in Union Sawmill, the court said:
"Under the circumstances, we think no more time was intended to be allowed to the vendees than what might be required to submit the contract to them for acceptance or rejection." 48 So. 317 at 319.
Therefore, we conclude that the plaintiff should upon immediate acceptance of the offer which its agent submitted to it, have completed the acceptance by promptly notifying the defendant. Instead it waited until the defendant withdraw its offer by telephone. Because defendant's offer was revocable at the time of its withdrawal, no contract was ever consummated.
As heretofore stated, the defendant-appellee filed an answer to the appeal taken by the plaintiff-appellant. It also filed exceptions of non-joinder of indispensable party and no right of action. These exceptions are based on the theory that the printed contract seemed to indicate that Franklin Broadcasting Company may have some interest in Station WWOM. The evidence in this case clearly shows that plaintiff, Wagenvoord Broadcasting Co., Inc., owns and operates Radio Station WWOM. The court is of the opinion that the exceptor, defendant-appellee, was aware of that when the contract was entered into. It knew that it was entering into a contract with Station WWOM in New Orleans. Therefore, the exceptions of non-joinder of indispensable parties and no right of action are overruled.
For the reasons herein stated, the judgment of the court a qua in favor of the plaintiff, Wagenvoord Broadcasting Co., Inc., and against the defendant, Canal Automatic Transmission Service, Inc., is reversed in toto and judgment is rendered herein in favor of defendant-appellee, Canal Automatic Transmission Service, Inc., and against plaintiff-appellant, Wagenvoord Broadcasting Co., Inc., dismissing the suit of said plaintiff-appellant.
*193 Costs of both courts shall be borne by said plaintiff-appellant, Wagenvoord Broadcasting Co., Inc.
Reversed and rendered.