279 So.2d 731 (1973)
Robert G. CLAITOR
v.
DELTA CORPORATION OF BATON ROUGE, INC.
No. 9400.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
Rehearing Denied July 5, 1973.
Writ Refused August 29, 1973.
Anthony J. Graphia and Ervin A. LaRose, Baton Rouge, for appellant.
R. Boatner Howell, Jr., Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
LOTTINGER, Judge.
This is a suit to determine the liability, if any, of the defendant contractor under a bid made by defendant to do certain construction work for petitioner, Robert G. Claitor. The defendant is Delta Corporation of Baton Rouge, Inc.
Following trial on the merits the Lower Court awarded a judgment in favor of petitioner and against the defendant in the sum of $11,845.00. The defendant has taken a suspensive appeal.
On May 27, 1968, defendant contractor submitted a bid to plaintiff for the construction of a building for the sum of $187,830.00. The bid contained a provision as follows:
"The undersigned agrees, if notified of the acceptance of this proposal within 30 days of the time set for the opening of bids, that he will execute within seven days a contract of the above work in the above amount bid."
The low bid of defendant was in the sum of $187,830.00. The second low bidder was a W. E. Mosely who bid on the identical *732 same work for $199,675.00. The range of the biddings extended from $187,830.00 to $218,876.00.
Upon the opening and reading of the sealed bids, it was found that the defendant was the low bidder. The defendant's president, Mr. Rudy Heitler, was present at the opening, and upon being introduced to petitioner, he was informed by petitioner that petitioner was looking forward to doing business with him and wanted to know where he might be reached later that evening for the purpose of formal acceptance of his bid. Mr. Heitler informed Mr. Claitor that he would be at his home for this purpose, whereupon Mr. Claitor, Mr. D. D. Smith and Mr. Billy Smith examined all of the sealed bids for regularity and reached the conclusion that they were all regular on their face and therefore the low bid of the defendant was acceptable.
They then called the defendant's president, Mr. Heitler, at the appointed place designated by him which was his home. His wife answered the phone, and disclaimed any knowledge of the whereabouts of Mr. Heitler, who, if at home, was concealing himself or if not home, apparently did not want to be reached. After several attempts to reach Mr. Heitler that evening, the last being made at something like 10:30 O'Clock P. M., it was agreed that the petitioner's architect, Mr. Smith, would call Mr. Heitler first thing in the morning and inform him of the acceptance of the bid.
Mr. Smith again called Mr. Heitler at 8:30 A. M. the following morning, however, he was not at his office at that time so Mr. Smith left the return call message at Heitler's office. Mr. Heitler then returned Mr. Smith's call at approximately 9:30 A. M. at which time Mr. Smith informed him that his bid was accepted. In the same conversation Mr. Heitler informed Mr. Smith that he made an error of $7,500.00 in his bid. A meeting was held that afternoon at which time Mr. Claitor asked defendant to do the work according to his bid, but the defendant refused.
Mr. Claitor then informed the defendant by telegram to submit a figure in which he would do the work in order to mitigate its damages between the bid price and the price that he would do the work for. This too was refused by defendant.
Time being of the essence in the matter, Mr. Claitor then awarded the work to the next lowest bidder in order to mitigate the damages of defendant. The exact same work as bid upon by defendant was done by Mr. Mosely for the price and sum of $199,675.00.
The alleged error claimed by the defendant in submitting its bid was a differential of $7,500.00 in the concrete work. The defendant, however, admitted that his bid contained a contingency amount of $12,000.00 for just such purposes as well as a proposed net profit of $5,300.00 for a total of $17,300.00 over and above his costs.
The trial court, in deciding for the petitioner, found as a matter of fact that the defendant intended to give petitioner 30 days in which to accept or reject its offer of $187,830.00. The court further found as a matter of fact that such error, if error there was by appellant, was of such consequence as not to justify an inference that Claitor was aware of the error at the time he decided to accept the defendant's bid or that Claitor was attempting to take an unfair advantage of the appellant such as occurred in Harrelson v. Raphael, La.App., 116 So.2d 301. The Lower Court also observed that to permit the defendant in this situation to withdraw its offer submitted in a sealed bid situation and made for a period of time would open wide the possibility of abuse. Obviously, if one might submit a sealed bid in an admittedly low figure by omitting a minor tabulation, one would have a decided advantage over other contractors standing by their bids and also over owners who go through the expense and delay of a sealed bid situation in order *733 to obtain the best price in the open market. In other words it would simply put a premium on the infidelity of bidders where the less scrupulous might bid low, notify the owner of the error after opening of the bids and then claim the job at some price less than the next highest bidder, or claim off depending on the disparity between officers.
Article 1809 of the Louisiana Civil Code dealing with the revocation of offers before acceptance, provides as follows:
"The obligation of a contract not being complete, until the acceptance, or in cases where it is implied by law, until the circumstances, which raise such implication, are known to the party proposing; he may therefore revoke his offer or proposition before such acceptance, BUT NOT WITHOUT ALLOWING SUCH REASONABLE TIME AS FROM THE TERMS OF HIS OFFER HE HAS GIVEN, OR FROM THE CIRCUMSTANCES OF THE CASE HE MAY BE SUPPOSED TO HAVE INTENDED TO GIVE TO THE PARTY, TO COMMUNICATE HIS DETERMINATION."

In the bid submitted by the defendant, it was a specific intent to provide thirty days from the bid opening in which the offer would remain open and during which the petitioner would have the opportunity of accepting same. During this period of time the offer was irrevocable.
At 23 Louisiana Law Review, Page 796, we find the following:
"Although Article 1800 might imply Louisiana followed the general common law rule that an offer may be revoked at any time prior to acceptance, Article 1809 shows otherwise. Article 1809, after stating generally that an offer may be revoked before its acceptance, provides an exception if the offerer has not first allowed `such reasonable time as from the terms of his offer he has given, or from the circumstances of the case he may be supposed to have intended to give to the party to communicate his determination.' In contrast to Article 1802, Article 1809 is intended to govern situations in which attempted revocation precedes acceptance. Its clear affect is to create a period during which the offerer may not revoke his offer, when such a period is either expressly provided in the terms of the offer or implied by the circumstances. Furthermore, Article 1809 by its terms requires no consideration to render effective such a provision for irrevocability.
Article 1809 is harmonious with the civilian concept that a party has legal capacity to bind himself by his will alone."
Louisiana courts have repeatedly held that the effect of 1809 is that when an offer expressly provides a period of time in which it may be accepted such as we have in this case, the offer is irrevocable during that period of time. See Revocability of Offers 23 La.Law Review at Page 795, et seq., Loeb v. Johnson, La.App., 142 So.2d 518; National Coale v. Navarro, La.App., 149 So.2d 648, R. P. Farnsworth & Company v. Albert, 5th Cir., 176 F.2d 198; Wagonvoord Broadcasting Co. v. Canal Automatic Transmission Service, Inc., La.App., 176 So.2d 188 and Housing Authority of the Town of Lake Arthur v. T. Miller & Sons, Inc., 239 La. 966, 120 So.2d 494.
In Housing Authority of Lake Charles v. Miller (supra) the facts reveal that the plaintiff, in due and legal form, advertised or invited bids on the constructing of a housing project. In accordance with the terms of the invitation and advertisement the plaintiff received, opened, and read aloud defendant's bid along with the others. The defendant's bid, in the sum of $212,770.00 was $8,875.41 lower than the next low bid.
In accordance with the advertisement, as well as the invitation to bid in the specifications set out in the project the authority had 30 days subsequent to the opening of *734 the bids within which to accept or reject any and all that had been submitted. Within the said 30 days, the authority adopted a resolution authorizing its director to accept defendant's bid and to proceed with the execution of the contract. For reasons not disclosed by the record, the local directors failed to notify the defendant immediately of plaintiff's acceptance of the former's bid, other than is hereafter shown, however, it is shown by the testimony of the local director that prior to May 22, 1952 he made several unsuccessful telephone attempts to so notify the defendant. It was also shown that on May 22, 1952, defendant wired the plaintiff that it was withdrawing its bid and prior to receiving said telegram, on the same day the Authority wired the defendant notifying it of its acceptance. Although there is some dispute between the parties as to whether or not the acceptance of the bid was within the 30 day period, the Supreme Court held that the acceptance was within 30 days and this particular point is of no concern as regards the question, now before this Court. In that case the Supreme Court said:
"Our Codal Articles wisely provide that conditional obligations are such as are made to depend on an uncertain event, and is suspensive when the obligation is not to take effect until the happening of the event. It is further provided that when an obligation has been contracted on condition that an event shall happen within a limited time, when the time has expired without the event having taken place, the condition is considered as broken. Manifestly, by analogy and equal reasoning, when the condition is one performed within the limited time the condition becomes fulfilled and is binding and enforceable."

As footnotes to the above quotation the Supreme Court cited Articles 2021 and 2038 of the Louisiana Civil Code. Article 2038 provides:
"When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place. If there is no time fixed, the condition may always be performed, and it is not considered as broken, until it is become certain that the event will not happen."
Under the provisions of the code, particularly Articles 1809 and 2038 thereof, we feel that the defendant obligated himself to maintain his offer open and acceptable for a period of 30 days from the time of the opening of the bid and the Lower Court was correct in deciding accordingly.
We do not believe, as is claimed by defendant that the decision in Harrelson v. Raphael, 116 So.2d 301, controls the issues now before this court. In that case the error in the amount of the bid was patent on the face of the bid and the error was noticed by the owner prior to his attempted acceptance. Such is not the question before us.
With regard to the amount of damages accessed by the Lower Court we feel that the only way such damages may be accessed correctly is to determine the difference between the actual bids submitted by the defendant and the actual amount of money petitioner was required to expend in order to perform the identical work. In Housing Authority (Supra) the court accessed these damages at the difference between the low and the next low bid. We feel this is correct in particular so far as the petitioner attempted to mitigate the damages of the defendant.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed all costs of this appeal to be paid by the defendant.
Affirmed.